UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| H.M.V.O., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-00042-MJD-JMS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

# Entry on Judicial Review

Plaintiff H.M.V.O., a minor by her grandmother Karen Vaughn, requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1382. For the following reasons, the Court **AFFIRMS** the Commissioner's decision.

## I. Background

**A. Procedural History**

On February 23, 2007, Claimant filed an application for SSI, alleging a disability onset date of December 2002. Claimant's application was denied initially and upon reconsideration. Thereafter, Claimant requested a hearing, which was held in August 2009 by Administrative Law Judge ("ALJ") Albert J. Velasquez. The ALJ denied Claimant's application and the Appeals Council denied review; thus making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. On January 10, 2011, Claimant filed this timely appeal requesting review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**B. Factual Background**

At the time of the hearing, Claimant was twelve years old and in sixth grade. Claimant lived with her grandmother, who had legal custody. In kindergarten, Claimant began having problems with paying attention, behaving badly, and getting up and walking around the classroom without permission. Claimant began taking medication for attention deficit hyperactivity disorder ("ADHD") in the second half of first grade. Claimant had to repeat the first grade but thereafter performed satisfactorily in school.

In July 2006, Claimant saw Dr. Andrew P. Cagle for concerns of elevated cortisol and weight gain. Dr. Cagle noted that Claimant's weight had been a problem since she was three or four years old and recommended dietary changes. Dr. Cagle suggested testing for Cushing's Syndrome, which is a disorder that occurs when the body is exposed to high levels of cortisol. Dr. Cagle also noted that medication helped Claimant's ADHD.

In March 2007, Claimant saw Dr. Kimberly M. Franklin and reported that her ADHD medication made her nauseous. Dr. Franklin prescribed a new medication for her ADHD. Dr. Franklin also recommended lifestyle changes for Claimant's obesity.

In April 2007, Dr. Michael O'Brien, a consultative psychologist, examined Claimant and concluded that Claimant's medication controlled her ADHD and assessed her Global Assessment of Functioning ("GAF") score as 55 without medication and 75 with medication.[1] In May 2007, Claimant saw Dr. Kenneth Neville, a state agency psychological consultant, who concluded that Claimant's impairments, while severe, did not meet, medically equal, or functionally equal a listing impairment. Of the six domains evaluated, Dr. Neville found Claimant had limitations in one, attending and completing tasks, which he concluded was less than a marked limitation. In

---

[1] A scored of 51-60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. A score of 71-80 indicates no more than slight impairments in social, occupation, or school functioning. [Dkt. 28 at 4 n.2].

August 2007, another state agency consultant, Dr. Joseph A. Pressner, also concluded that Claimant had less than marked limitation in the domain of attending and completing tasks.

In August 2007, after Claimant reported problems with her ADHD medication, Dr. Franklin prescribed another medication, which stabilized the Claimant's ADHD. In October 2007, Claimant began acting out, doing poorly in school, and was sneaking food. Dr. Franklin noted that she had a sad affect and that her grandparent had been recently diagnosed with cancer. Dr. Franklin referred Claimant for counseling. Later, after another adjustment to her medication, Dr. Franklin concluded that Claimant's ADHD was stable.

## II. Disability and Standard of Review

A child qualifies as disabled if she has a "'medically determinable physical or mental impairment, which results in marked and severe functional limitations' and the impairment 'has lasted or can be expected to last for a continuous period of not less than 12 months'" *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)). In determining whether a child is disabled, the Commissioner employs a three-step process. *Id.* (citing 20 C.F.R. § 416.924(a)). At step one, if the claimant is engaged in substantial gainful employment, she will be deemed not disabled and the analysis ends. *Id.* At step two, the claimant must have a severe medical impairment or combination of impairments. Lastly, at step three, the claimant's severe impairment must meet the durational requirement and must medically equal or functionally equal, the severity of any of the Listings of Impairments found in 20 C.F.R. pt. 404, subpt. P, App 1. *Id.*

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III. Discussion

Applying the three steps, the ALJ found at step one that Claimant has never worked and therefore she has not engaged in substantial gainful employment. [R. 14]. At step two, the ALJ found that Claimant's severe impairments were obesity with Cushing's Syndrome and insulin resistance. [*Id.*]. The ALJ did not find Claimant's ADHD a severe impairment because it was controlled by medication. [*Id.* at 15]. At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled one of the listed impairments. [*Id.*]. Accordingly, the ALJ found Claimant not disabled. [*Id.* at 22].

Claimant first challenges the ALJ's step three determination alleging that substantial evidence fails to support the determination that Claimant did not meet or functionally equal a listing impairment. [Dkt. 23 at 13]. Claimant broadly argues that fairness and justice require reversal, that the ALJ failed to summon a medical advisor, and that the ALJ ignored and

4

mischaracterized evidence. Claimant also challenges the ALJ's credibility determination as patently erroneous. [*Id.* at 26].

**A. Substantial Evidence**

At step three, the ALJ assesses the limitation caused by the child's impairments or combination of impairments and determines whether the impairments functionally equal a listing. 20 C.F.R. § 416.926a(a). In making this assessment, the ALJ considers the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child's impairment causes marked limitations in two domains or extreme limitations in one domain, then the child's impairment is functionally equal to a listing. 20 C.F.R. § 416.926a(a).

Claimant alleges that her impairments caused marked or extreme limitations in acquiring and using information, attending to and completing tasks, and health and physical well-being. [Dkt. 23 at 13]. In discussing the domain of acquiring and using information, the ALJ cited to Dr. Neville's and Dr. Pressner's disability evaluations that found that the Claimant had no limitation in this domain. [R. 18]. The ALJ also noted that Claimant was doing well in school. [*Id.*]. A 2007 teacher evaluation also found no problems in acquiring and using information. [R. 108]. In the domain of attending and completing tasks, the ALJ noted that any limitations Claimant had in this domain were less than marked. [R. 18]. Based upon the disability evaluations, which are consistent with other medical records and teacher evaluations, the ALJ's findings were supported by substantial evidence in the record.

Additionally, Claimant's and Vaughn's own testimony supports the ALJ's findings regarding these two domains. Claimant testified that she no longer spoke out or got up and

walked around the room without permission. [R. 231-32]. Claimant asserted that she could stay on task although at times she had difficulty focusing. [R. 232]. She also asserted that she did okay in school and was a good reader, good at science, but not very good at math. [R. 222]. Vaughn testified that the medication "straightened her out a lot" and that there was still a little problem with concentration but the medication solved her problems in school. [R. 234-35]. While Claimant might initially have had trouble in acquiring and using information and attending and completing tasks, by all accounts, her medications significantly improved her abilities in these domains, to the point that any remaining difficulties were not marked or extreme. Accordingly, substantial evidence supports the ALJ's decision.

As for Claimant's health and well-being, the ALJ concluded that Claimant had no limitation in this domain. [R. 21]. The ALJ again cited Dr. Neville's and Dr. Pressner's evaluations for support. Both evaluations found no limitation in Claimant's health and well-being. While Claimant is overweight and insulin resistant, she testified that she played sports, swam, could run without shortness of breath, danced, and liked to ride her bike. [R. 229-30]. Accordingly, substantial evidence supports the ALJ's decision.

Claimant also argues that the ALJ erred by not summoning a medical advisor to testify as to whether her combined impairments equaled Listing 112.11 for ADHD. [Dkt. 23 at 16]. This argument is without merit. First, the decision to use a medical expert is discretionary; an ALJ may ask for and consider opinions from medical experts on the nature and severity of impairments, but there is no requirement in the regulations that he must do so. *See* 20 C.F.R. 416.927(f)(2)(iii). "If the ALJ believes that he lacks sufficient evidence to make a decision, he must adequately develop the record and, *if necessary*, obtain expert opinions." *Clifford v. Apfel*,

6

227 F.3d 863, 873 (7th Cir. 2000) (emphasis added).  Here, the record contained ample evidence to support the ALJ's finding.

Second, under Social Security Ruling ("SSR") 96-6p, a signature of a state agency medical or psychological consultant on a Disability Determination or Transmittal Form ("DDT") "ensures that consideration by a physician (or psychologist) … has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review."  SSR 96-6p, 1996 WL 374180 at *3 (July 2, 1996).  The signature on a DDT form "conclusively establishes" that a medical consultant has considered the question of medical equivalence under the listings and the ALJ may rely upon the opinions of medical experts completing the DDT forms.  *Scheck*, 357 F.3d at 700.  Here, both Dr. Pressner and Dr. Neville completed and signed DDT forms and Childhood Disability Evaluation Forms that found Claimant was not disabled. [R. 32; 33; 93; 125].  Accordingly, the ALJ did not err by not summoning a medical advisor.

Claimant next argues that the ALJ ignored or mischaracterized the evidence.  [Dkt. 23 at 18].  As examples, Claimant cites to teacher evaluations and assessments done before Claimant began taking ADHD medication, evidence of Claimant's weight problem, and specific statements in the medical records.  [*Id.* at 18-24].  An ALJ is not required to discuss every piece of evidence submitted, but should discuss relevant evidence and provide enough information to allow for meaningful review.  *Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2011 WL 4834252, at *7 (N.D. Ind. 2011) (citing *Clifford*, 227 F.3d at 870; *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004); SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)).

In this case, the ALJ considered Claimant's obesity, insulin resistance, and her treatment for ADHD.  While not specifically discussing every piece of evidence, the ALJ discussed the most relevant evidence, including the teacher evaluations, Dr. Franklin's reports, the evaluations

7

done by Dr. Obrien, Dr. Neville, and Dr. Pressner, and the testimony of the Claimant and Vaughn. Overall, the ALJ provided enough information for this Court to conduct a meaningful review. Having done such a review, the Court finds that the ALJ did not ignore or mischaracterize the evidence.

**B. Credibility Determination**

Lastly, Claimant argues that the ALJ's credibility finding was erroneous and contrary to SSR 96-7p. [Dkt. 23 at 26]. Claimant, however, fails to provide any analysis of this argument and does not specify any evidence that undermines the ALJ's adverse credibility finding; nor does Claimant identify any factor that the ALJ failed to consider. Claimant's counsel routinely makes undeveloped arguments with conclusory statements. *See e.g., D.O.B. ex rel. Dudley v. Astrue*, No. 1:10-cv-01142-WTL-TAB, 2011 WL 3739366, at *4 (S.D. Ind. 2011) (citing cases where Claimant's counsel has made the same general arguments without providing any analysis). Thus, Claimant's counsel is well aware that he risks waiving undeveloped arguments. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (finding that undeveloped and unsupported arguments are waived). Accordingly, it should come as no surprise that this Court finds that Claimant, or more accurately Claimant's counsel, waived this argument.

Even if not waived, Claimant's argument fails on the merits. Under SSR 96-7p, the ALJ must consider the entire record giving specific reasons for the weight given to an individual's statements. *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). The factors the ALJ should consider include the the claimant's daily activities; the location, duration, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; treatment and any measures used to relieve pain or symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vi). The ALJ discussed Claimant's daily activities, performance in school,

ability to care for herself, and her behavior with other people. [R. 17]. The ALJ also discussed the fact that medication controlled Claimant's ADHD. [R. 15]. Moreover, the testimony of both Vaughn and Claimant are consistent with the ALJ's finding that Claimant is not disabled. Both reported that Claimant no longer struggles in school and that she is not limited in her physical abilities. [R. 76; 222; 229; 234]. Thus, the ALJ's credibility determination was not erroneous.

## IV. Conclusion

For the above stated reasons, the Commissioner's decision is **AFFIRMED**.

Dated: 12/30/2011

Distribution List:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana